Per Curiam.

The first ground upon which the defendant’s application for a new trial rests, cannot be maintained. The award does not upon its face purport to cover all subjects in controversy between the parties; but it recites “ certain disputes arising out of the charges of the plaintiff against the defendant, relative to the steam-boat New-London.” It may be, that those controversies arose concerning matters entirely different from the charges embraced within the present claim, and as the submission to the arbitrator was by parol, the plaintiff had no means of showing what the subjects submitted were, except by calling witnesses; and if parol testimony was admissible, the arbitrator himself was not only a competent, but the best witness to be produced. The award is not upon its face, or by its terms, conclusive as to the matters submitted; but it is sufficient to cast upon the plaintiff the burthen of showing what the matters in dispute were which the arbitrator had before him, and that the present claims were not included in the submission or embraced by the award. The submission, it appears, was by parol, and the plaintiff could not therefore introduce any thing but parol evidence as to the matters submitted. By calling the arbitrator as a witness, he furnished the best evidence in his power, and that evidence was rightfully admitted. The award would of course have been conclusive, if it had embraced the subject of the plaintiff’s present claims, and the fact as to whether it did, or did not embrace those claims, was properly submitted to the jury. Upon this point, therefore, the decision of the Judge at the trial was entirely correct.
As to the excluding of the written communication from the defendant to the plaintiff, we can see no error in that. Its contents, if proved, would amount to nothing more than a declaration made by a party in his own favour, and the defendant had all the benefit which he could rightfully claim from the writing as evi *62 dence. He was permitted to prove the fact that he had delivered to the plaintiff the written communication, and as it was not produced by him, all the inferences to be drawn from the withholding of it, were in favour of the defendant.
With regard to the account furnished to the arbitrator,—it would undoubtedly have been the best evidence to show, whether the items of the present claim were embraced in the former submission or not; and it would be very desirable to obtain that account if it were practicable. But it would be going too far to say, that the plaintiff should be precluded from offering any evidence of his demands, because the arbitrator had placed the account in the hands of his son, with directions that it should be delivered to the plaintiff. The person who received the account was not the agent of the plaintiff, and as there is no proof that it was delivered to the latter, or put under his controul, he could not be precluded from offering the best evidence in his power as to the nature, items, and amount of his claims.
Neither do we perceive any error in the charge of the Judge to the jury. His construction of the agreement between the plaintiff and the defendant, was undoubtedly the correct one ; and all the questions of fact were fairly submitted to the jury. But in their finding, upon the evidence, there is reason to think that they have not done substantial justice to the defendant. The account, as presented by the case, shows that the jury have either misunderstood some parts of it, or that they have made an erroneous application of the evidence to the matters before them. It is evident, on inspection, that the plaintiff has been allowed for many articles which he was bound to furnish under his agreement to keep the ■ engine in repair, and for them the defendant cannot be made responsible. Upon the whole, we can perceive no error either in the charge to the jury, or in the ruling of the Judge as to the evidence ; but we think thdf verdict excessive and erroneous. We shall therefore set it aside, and direct a new trial, up on the payment of the costs by the defendant.
Where a verdict is set aside upon the ground of error or mistake on the part of the jury, according to the established practice, *63 the party moving for the new trial is bound to pay the coats, and in this case they must be paid by the defendant.
New trial granted on payment of costs by the defendant.
[E. Anthon, Att'y for the pltff. D. Graham, Att'y for the deft.]